EVERETT YOUNG, Respondent, v. JOHN C. SHULENBERG, Appellant.

*A recital in a deed that the grantors are the widow and heirs at law of a previous owner — it is evidence thereof as against a mere trespasser.*

In an action of trespass on uninclosed forest lands, against one who makes no claim of title or right to their possession, but from which he has cut timber, a recital in a deed, dated in 1817, in the line of title of the plaintiff to the premises in question, to the effect that the grantors named in the deed were the widow and heirs at law of the grantee in the last preceding deed in such line of title, is, in the absence of proof to the contrary, evidence of the fact recited.

APPEAL by the defendant, John C. Shulenberg, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Fulton on the 28th day of February, 1898, upon the verdict of a jury.

*Clark L. Jordan,* for the appellant.

*Andrew J. Nellis,* for the respondent.

LANDON, J.:

The complaint charges the defendant with entering upon his premises and cutting and carrying away timber therefrom; answer, a general denial. The *locus in quo* is wild, uninclosed forest land. The plaintiff produced in evidence deeds of the premises commencing with the State in 1794, and continuing by mesne conveyances to William Claflin in 1872, under whom he claims. Among these deeds is one dated in 1817, which recites that Alexander Ellice of London, England, the previous grantee, under deed dated in 1795, died intestate, leaving the grantors named in the deed (of 1817) his widow and heirs at law. William Claflin, in 1893, gave to the plaintiff a contract to convey to him the premises upon the payment by him in installments of the purchase price, and giving him the right of possession meantime, with the right to cut timber therefrom. The plaintiff has, meantime, made payment of such installments as became due, and has cut considerable timber upon the premises, and paid the taxes thereon. The defendant cut timber and carried it away from the premises. The defendant makes no claim of title or right of possession.

We think, as between the defendant, a wrongdoer, and the plaintiff, claiming the right of possession under Claflin, the grantee of the grantors named in the deed of 1817, Claflin holding the entire chain of deeds as his muniments of title, Claflin and his grantors relying upon them without challenge for nearly eighty years, the deed of 1817 being accompanied, as it may be presumed, by the delivery to the grantee of the earlier deed to Alexander Ellice, that its recitals of the death of Alexander Ellice intestate, leaving the widow and heirs named in the deed, being in harmony with common experience and the course of nature, are evidence of such facts. (*Fulkerson* v. *Holmes*, 117 U. S. 389, 399.) There being no evidence to the contrary, the trial court did not err in holding that the plaintiff had shown his right to recover.

All concurred.

Judgment affirmed, with costs.